**No. 49591.**—Protest 86107–K of Gellman Bros. (Minneapolis).

Opinion by KEEFE, J. At the trial plaintiff testified that for years identical merchandise had been classified and assessed for duty as decorated chinaware and that the change in classification was made without the publication of 30 days' notice. A partner in the importing firm testified that these pipes had been imported for a period of 10 or 12 years and had always been classified as chinaware; that the pipes were sold to operators of penny vending machines, church bazaars, etc.; that he had seen them used by little boys holding them in their mouths in imitation of pipe smokers and, further, that such articles are not suitable for any utilitarian use, such as cigarette holders. Samples of the pipes were admitted in evidence. An employee of the importer testified that he sold them to penny arcades, novelty stores, etc., had seen them used by children to imitate a man smoking, and had seen his own children use such pipes for blowing soap bubbles. The customs examiner testified that previous to the present shipments these

pipes had been classified as chinaware; that no Treasury decision was issued changing the practice and that the classification as chinaware had been approved by the Customs Information Exchange. He further testified that previous shipments had not been analyzed by a chemist but this shipment was analyzed and found to be earthenware, and that consequently the classification was changed in conformity with the analysis. The court was of the opinion, when merchandise was found to have been erroneously classified for many years, such classification may be changed upon discovery of the error without publication of notice to that effect. Under the Tariff Act of 1922 toys were specifically provided for in earthenware and chinaware paragraphs but the word "toys" was omitted in both paragraphs of the present act, and as pointed out by counsel for plaintiff, there appeared in "Committee Print June 11, 1929 Prepared for Use of Finance Committee," below paragraph 211 as passed by the House, the following:

NOTE.—Toys of earthenware or stoneware transferred to Par. 1513 (p. 238 of this print)—new rate 70 per centum ad valorem.

Under the Tariff Act of 1922 small earthenware toy pipes were held dutiable as earthenware toys under paragraph 211 (Abstract 8966) and earthenware pipes suitable for amusement of children were held dutiable as toys under said paragraph in Abstract 10614. The samples admitted in evidence are 2¾ inches long; the bowl end is 1 inch high, ¾ of an inch long and less than ½ inch wide. The stem, which is about 2 inches long, is wrongly shaped to hold in the mouth, as it is only ⅛ inch wide and ¼ inch thick. The hole in the bowl of the pipe is too small to insert a cigarette. The front of one bowl is formed in the figure of a horse's head and the other an elephant's head. The evidence presented is sufficient to establish that the articles are either toy favors, toy souvenirs, or toys. The samples are potent witnesses as to the suitability of the pipes for the amusement of children. *United States* v. *May Department Stores Co.* (16 Ct. Cust. Appls. 353., T. D. 43090), *United States* v. *Bernard, Judae & Co.* (18 C. C. P. A. 68, T. D. 44029), and *United States* v. *Halle* (20 C. C. P. A. 219, T. D. 45995). It was held that an inspection of the samples fortifies the testimony of plaintiff's witnesses that the toy pipes are chiefly used for the amusement of children and that they are incapable of any other use. They were therefore held dutiable at 70 percent under paragraph 1513 as claimed.